# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL BROWN,**                          **CASE NO.: 4:18-cv-233-RH-CAS**

      **Plaintiff,**

**v.**

**LINCOLN PROPERTY COMPANY,**
**THE CARDINAL GROUP, and**
**GRAND CAMPUS LIVING, INC.**
      **Defendants.**
_____/

## PLAINTIFFS RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff MICHAEL BROWN, by and through his undersigned attorney, hereby files his response to the Defendant's motion for summary judgment. The pleadings, depositions, transcripts and answers to interrogatories and responses to requests for production of documents on file demonstrate a clear violation of 38 U.S.C. § 4301 *et seq.* Defendant's motion for summary judgment relies entirely on material facts which are in dispute between the parties or on old and unapplicable law. In support thereof, Plaintiff submits the following memorandum of law.

1

## MEMORANDUM OF LAW

## I. SUMMARY OF THE ARGUMENT

In its motion for summary judgment, Defendant Cardinal Group (hereinafter "Defendant") suggests that its refusal to rehire Plaintiff Michael Brown (hereinafter "Plaintiff") or to even interview him upon his return from his military deployment in September 2015 is a matter relating to Defendant's exposure to liability as a successor in interest employer. Defendant claims that it would be unfair to strap it with liability given that no merger or transfer of interest in property occurred from one employer to the next. The ruling cited by Defendant, however, has long been abandoned. The amendment to USERRA passed in 2010 conspicuously omits any reference to merger or transfer in interest as a factor required to be deemed a successor in interest under the law.

The most important details in the case *sub judice* relate to two individuals. Plaintiff, Michael Brown, was the only active military reservist employed by the Defendant. Defendant's agent, Aaron Pressels, was Plaintiff's supervisor during the entire time giving rise to this action. Plaintiff informed Mr. Pressels of his pending deployment and even remained in contact with his employer and fellow employees during his stint on active duty. Plaintiff's supervisor assured him that he would take care of the details of Plaintiff's employment during Plaintiff's active military service. That was false.

Aaron Pressels did not transfer Plaintiff's employment status. In fact, when Plaintiff returned, Mr. Pressels would not rehire him or interview him.  In violation of the law, Mr. Pressels would not even offer Plaintiff any other employment opportunity within the company, simply relating that Plaintiff could be eligible for a position in the company at some undefined time in the future. Mr. Pressels discriminated against Plaintiff because of Plaintiff's military service. Mr. Pressels refused to rehire Plaintiff in violation of USERRA.

## II. STATEMENT OF FACTS

1.     Plaintiff first became employed by Defendant Lincoln and Defendant Grand Campus in September 2014. (Plaintiff Exhibit 1). Plaintiff worked as the maintenance supervisor for his employer on the grounds of the Osceola in Tallahassee, Florida. (Plaintiff Exhibit 1; Defendant Exhibit A). Plaintiff also served his country in the United States Navy Reserves during his tenure at the Osceola. (Plaintiff Exhibit 1).

2.     In January 2015, Plaintiff delivered a copy of his deployment orders to his supervisor, Aaron Pressels. (Plaintiff Exhibit 1). Plaintiff deployed with his Navy reserve unit in February 2015. (Plaintiff Exhibit 1). In March 2015, the management of the apartment complex at the Osceola changed hands. (Defendant Exhibit A). Defendant Lincoln and Defendant Grand Campus no longer controlled employment opportunities at the facility, Defendant Cardinal controlled the facility. (Defendant

Exhibit A). Plaintiff remained in contact with his colleagues at the Osceola throughout his entire deployment, even instructing maintenance personnel on how to make certain repairs at the facility. (Plaintiff Exhibit 1).

3.     When Defendant Cardinal acquired the management contract at the Osceola, it transferred all of the employees from the maintenance department except Plaintiff. (Plaintiff Exhibit 1). None of the employees at the facility were active military reservists. (Plaintiff Exhibit 1). Aaron Pressels remained the manager at the Osceola, and still works for the Defendant today. (Plaintiff Exhibit 1; Defendant Exhibit A). The facility at the Osceola has not changed, nor have the services provided changed. (Plaintiff Exhibit 1; Defendant Exhibit A).

## III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Genuine issues of fact are those where the evidence is such that a reasonable jury could return a verdict for the non-movant. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). "[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson*, 477 U.S. at 255). Defendant fails to meet its high burden and its motion should be denied.

## IV. RESPONSE TO COUNT I & II – FAILURE TO REEMPLOY/DISPARATE TREATMENT DISCRIMINATION

Defendant asserts that summary judgment should be granted in its favor as Plaintiff cannot establish the necessary elements of a prima facie violation under 38 U.S.C. §§ 4311(a) or 4312(a). To be sure, though Defendant concentrates its dispositive motion on the latter section of the law, Plaintiff will address both contentions herein, thereby showing that Defendant is not entitled to judgment as to either Section 4311(a) or Section 4312(a).

In establishing a prima facie case of discrimination, Plaintiff must show by a preponderance of the evidence that his protected status was a motivating factor in the adverse employment action. Showing that his military status was a motivating factor in Defendants' adverse employment action does not require Plaintiff to articulate a clear and distinct anti-military animus towards the Plaintiff. *Staub v. Proctor Hospital,* 562 U.S. 411 (2011).

Motivating factor is discerned by querying, "if the employer was asked at the moment of the decision what its reasons were and if it gave a truthful response, one of those reasons would be the employee's military position or related obligations." *McDuffie v. Eli Lilly & Co.,* 2009 U.S. Dist. LEXIS 30332, 2009 WL 857069 (S.D.N.Y. 2009). "Indeed, military status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that

consideration." *Brandsassee v. City of Suffolk, Va.,* 72 F. Supp. 2d 608 at 617 (E.D. Va. 1999). Temporal proximity is relevant evidence of discriminatory motive under USERRA. *Patton v. Target Corp.*, 2007 U.S. Dist. LEXIS 20712, 2007 WL 894560, (D. Or. 2007).

Here, Plaintiff handed a copy of his orders to Osceola apartment manager, Aaron Pressels, in January 2015. He deployed in February 2015. The Osceola switched management in March 2015 and Aaron Pressels refused to transfer plaintiff's employment notwithstanding the fact that every other employee was transferred, none of whom were in the military. When Plaintiff returned from his military service in September 2015 and sought his re-employment, he was rejected by Aaron Pressels who continues to work for Defendant.

Next Defendant cites to *Coffman v. Chugach Support Servs.,* in support of its contention that its refusal to rehire Plaintiff because he was serving a military obligation should not give rise to a violation under USERRA. 411 F.3d 1231 (11th Cir. 2005). Defendant incorrectly maintains that *Coffman* is still followed in this jurisdiction despite the mandated successor in interest analysis articulated in the amended version of USERRA enacted in 2010[1] and which is the law followed by

---

[1] Kathryn Piscitelli & Edward Still, *The USERRA Manual* § 2:3 (2018) (citing 38 U.S.C. § 4303(4)(D)(i) which mandates that the court analyze seven factors in determining successor in interest and positing that the dispute over whether successor in interest requires a merger or transfer of assets should be settled following the 2010 amendment to USERRA).

myriad other jurisdictions following the 2005 ruling in *Coffman*. In *Coffman*, the court found that the plaintiff had been given several other opportunities for employment by both the previous employer and the successor in interest. Though the majority of the employees had been transferred from one contractor to another, those employees were both military and non-military. It is not certain whether or not any of the employees who were transferred by the successor in interest were supervisors.

Here, none of the personnel transferred maintained a status as a member of the active military or military reserves. It is also undisputed that at least one of the transferred employees was a supervisor—Aaron Pressels. Aaron Pressels had the distinction of knowing exactly what Plaintiff's military status was at the time of transfer and he refused to transfer Plaintiff's employment. As the agent of both the previous contractor and the successor in interest, he denied Plaintiff the benefits of employment.  Each Defendant here has violated USERRA.

Finally, Defendant cites *Reynolds* as authority for the premise that it is not a successor in interest. *Reynolds v. RehabCare Group East Inc.*, 590 F.Supp.2d 1107 (2008). This citation by the Defendant is incredulous in that *Reynolds* does not maintain the holding in Coffman. *Id*. That is to say, *Reynolds* was decided three years after Coffman and two years after the U.S. Department of Labor promulgated its

rule[2] on determining successor in interest. *Id*. The Department very conspicuously omitted transfer or merger from the analysis and so did *Reynolds*. *Id*. Converse to *Coffman*, the *Reynolds* court analyzed each of the factors from the Department, determining that inter alia, none of the employees were rehired, none of the supervisors remained the same and the business operations were even different. *Id*. at 1112-1123.

Here, all of the employees were transferred to the successor in interest, to include Osceola apartment manager Aaron Pressels. Furthermore, The Osceola was a student apartment complex under Defendants Lincoln and Grand Campus and it remained a student apartment complex under Defendant Cardinal. Defendant willfully failed to comply with the law.

## V. FLORIDA UNFORMED SERVICEMEMBERS PROTECTION ACT (FUSPA).

Defendant has argued that Plaintiff's claim under the Florida Uniformed Servicemembers Protection Act (hereinafter "FUSPA") is not cognizable because inter alia, it relies on claims asserted under USERRA. Fla. Stat. § 250.80 *et seq*. FUSPA provides in pertinent part:

"*In addition to any other relief* or penalty provided by State or federal law, a person is *liable for a civil penalty* of not more than $1,000 per violation if that person

---

[2] 20 C.F.R. § 1002.35.

violates any provision of this chapter affording protections to members of the United States Armed Forces, the United States Reserve Forces, or the National Guard or any provision of federal law affording protections to such service members over which a state court has concurrent jurisdiction under s. 250.82." Fla. Stat. § 250.905 (2015).

The FUSPA was designed and intended to protect Floridians serving in the Armed Forces. In 2003 as our military members were being ordered into the second theatre of war within a generation, the Florida Legislature promptly drafted and unanimously passed FUSPA, establishing a series of rights and protection for those men and women in our Armed Forces and to protect them against acts of discrimination. The Legislature's intent clearly establishes employment rights and protections. The law unanimously passed by both chambers of the Florida Legislature contained a series of "whereas clauses" that articulate the intent of the Legislature. The language reads:

> WHEREAS, while our military personnel are devoting their entire energy to the needs of our nation, we must ensure that the men and women of the United States military and their families are protected at home, and
> WHEREAS, the additional protections and benefits provided by this act are necessary and proper given the sacrifice of our men and women in uniform and their families, NOW, THEREFORE,
> Be It Enacted by the Legislature of the State of Florida:
> Fla. Laws Ch. 2003-72.

The final "whereas clause" approved by the Legislature clearly states that the legislation was intended to create "additional protections and benefits" for members of our military. *Id.* The failure to rehire a member of the Armed Forces because of service obligations is contrary to the tenants of FUSPA and therefore re-dressable under the same—to argue otherwise defies logic and contradicts the intentions of the Florida Legislature in its adoption of the statute.

Additionally, a federal court in Florida acknowledged that FUSPA creates a cause of action. *Fannin v. United Space Alliance, L.L.C.,* 2009 U.S. Dist. LEXIS 6468 (2009). Though the *Fannin* court stated in dicta in a footnote, "the Act [FUSPA] does not provide any employment rights to private sector employees – only public sector employees" the matter was dismissed on other grounds without the court detailing its legal reasoning for stating why only public sector employees were entitled to the civil penalty of $1000.00.  *Id.* Certainly as is the case here, the Florida legislature determined to protect all Floridians, whether public or private sector employees from the atrocities carried out by the likes of this Defendant, The Cardinal Group. Where an employee of the state or an employee of a private entity such as a political subdivision or a corporation may seek to redress an erosion of his rights under USERRA, he may also seek redress under FUSPA.

## V. CONCLUSION

Defendant seeks a ruling from this Honorable Court denying Plaintiff the right to proceed under USERRA and FUSPA, however, its liability is certain. All of the Defendants through its agent Aaron Pressels denied Plaintiff's USERRA and FUSPA rights and therefore must be held accountable. Defendant's Motion for Summary Judgment must therefore be denied.

WHEREFORE, Plaintiff respectfully requests that the court grant a hearing on the Defendant's motion for summary judgment, and deny the Defendant summary judgment on all counts.

Respectfully submitted this 3rd day of September, 2018.


/s/  Thomas L. Dickens, III
THOMAS L. DICKENS, III [FBN 063867]
MARIE A. MATTOX [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR THE PLAINTIFF

**CERTIFICATION OF WORD COUNT**

In accordance with Local Rule 7.1(F), N.D. Fla. Loc. R., Plaintiff certifies that

the above Response to Defendant's Motion for Summary Judgment is 2404 words.


/s/  Thomas L. Dickens, III
THOMAS L. DICKENS, III




**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and complete copy of this document was

delivered by electronic service to counsel of record this 3rd day of September, 2018.


/s/  Thomas L. Dickens, III
THOMAS L. DICKENS, III [FBN 063867]
MARIE A. MATTOX [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR THE PLAINTIFF