IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MICHAEL BROWN,

    Plaintiff,

v.                                  CASE NO. 4:18cv233-RH/CAS

LINCOLN PROPERTY
COMPANY et al.,

    Defendants.

_____/


## ORDER DENYING SUMMARY JUDGMENT


The Uniformed Services Employment and Reemployment Rights Act ("USERRA") requires an employer to take back an employee after an absence necessary for service in the United States military, subject to specified conditions. The obligation extends to an employer's "successor in interest." This case presents an issue about the meaning of that term.

I

The plaintiff Michael Brown was a maintenance worker at a student apartment complex. His employer was a management company hired by the complex's owner. Mr. Brown was also a member of the United States Navy

Reserve. He was called up for active duty and returned a little over six months later to find he had no job. The apartment complex had changed management companies, and the new company, Cardinal Group Management Midwest, LLC ("Cardinal"), refused to hire him, even though it had kept most or all of the prior company's other employees.

Mr. Brown filed this action against Cardinal and the prior management company asserting a claim under USERRA. Mr. Brown also asserts a claim under the Florida Uniformed Servicemembers Protection Act.

Cardinal has moved for summary judgment, asserting it was not the prior company's successor in interest and thus had no obligation to employ Mr. Brown when he returned from active duty. Cardinal asserts, as an alternative basis for summary judgment on the state-law claim, that the state statute applies only to public, not private, employers.

II

USERRA makes it unlawful for an employer to discriminate against an employee based on military service. 38 U.S.C. § 4311(a). Of critical importance here, USERRA also provides a reemployment right—the right to be reemployed after an absence—for a person "whose absence from a position of employment is necessitated by reason of" military service. *Id.* § 4312(a). Subject to exceptions and conditions not now at issue, the reemployment right applies when:

> (1) The person . . . has given advance written or verbal notice of such service to such person's employer;
>
> (2) The cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of [military] service does not exceed five years; and
>
> (3) . . . [T]he person reports to, or submits an application for reemployment to, such employer . . .

*Id.* The statute defines "employer" to include "any successor in interest" to the original employer. *Id.* § 4303(4)(A)(iv).

Cardinal asserts it had no obligation to employ Mr. Brown because it was not the prior management company's successor in interest. Cardinal also says, perhaps as an alternative basis for summary judgment, that Mr. Brown did not apply for a job with Cardinal.

The failure to apply does not preclude recovery. The statute is satisfied when a person "reports to, *or* submits an application for reemployment." *Id.* (emphasis added). The record would support a finding that Mr. Brown reported to Cardinal—indeed, reported directly to his prior supervisor, who had the same role with Cardinal as with the prior management company.

The critical question, then, is whether Cardinal was the prior company's "successor in interest."

For most purposes, a company that gets a contract to perform the same work previously done by a different, otherwise-unrelated company is not the prior company's successor in interest. And this is true even if the new company chooses to hire most or all of the prior company's workforce and in essence simply takes over the operation.

In *Coffman v. Chugach Support Services*, 411 F.3d 1231 (11th Cir. 2005), the Eleventh Circuit applied this principle under USERRA. There, as here, the plaintiff was called up for active duty and returned to find his employer had lost the relevant contract to a new, otherwise-unrelated contractor. There, as here, the new contractor chose not to hire the plaintiff.

*Coffman* cited *Leib v. Georgia-Pacific Corp.*, 925 F.2d 240 (8th Cir. 1991), in which the Eighth Circuit identified factors to be considered in determining whether a company was a successor in interest under USERRA. The factors included, for example, continuity of business operations and workforce. But *Coffman* held the *Leib* factors comprised only the second step in a two-step analysis: first, whether there was a merger or transfer of assets from the prior employer to the alleged successor; and second, only if the answer was yes, whether the *Leib* factors were met. Because there had been no merger or transfer of assets, *Coffman* held there was no successor in interest.

Had *Coffman* remained the law, Cardinal would be entitled to summary judgment on the failure-to-reemploy claim here. At least as shown by this record, there was no merger or transfer of assets meeting the first step of the *Coffman* analysis.

But Congress responded to *Coffman* by changing the law. In the Veterans' Benefits Act of 2010, Pub. L. No. 111-275 § 702, 124 Stat. 2864, 2887-88 (2010), Congress adopted a definition of the previously undefined term "successor in interest." The new definition provides:

> Whether the term "successor in interest" applies . . . shall be determined on a case-by-case basis using a multi-factor test that considers the following factors:
>
> (I)   Substantial continuity of business operations.
>
> (II)  Use of the same or similar facilities.
>
> (III) Continuity of work force.
>
> (IV)  Similarity of jobs and working conditions.
>
> (V)   Similarity of supervisory personnel.
>
> (VI)  Similarity of machinery, equipment, and production methods.
>
> (VII) Similarity of products or services.

*Id.* § 4303(4)(D)(i). These are the *Leib* factors, almost verbatim—the second step under *Coffman*. The statutory definition pointedly does *not* include *Coffman*'s first step.

That Congress intended to disapprove *Coffman* is clear from this statutory language. And the legislative history dispels any doubt about whether Congress was aware of this issue—of *Coffman*'s insistence that a member of the military must satisfy not only the *Leib* factors but also a separate merger-or-transfer-of-assets test. The contemporaneous explanation for the proposed (and now enacted) statutory definition was that it tracked a Department of Labor rule—a rule adopted after "[o]ne Federal court," the Eleventh Circuit in *Coffman*, held that an employer could be a successor in interest only if there was "a merger or transfer of assets from the first employer to the second." 156 Cong. Rec. H7337-38 (daily ed. Sept. 29, 2010) (explanatory statement of Committee on Veterans' Affairs Chairman Rep. Filner on H.R. 3219, as amended), 156 Cong. Rec. H7321, at *H7337-38 (Westlaw), 2010 WL 3911810, at *H7337-38. *See also* S. Rep. No. 111-71, at 26 (2009) (providing the same explanation).

The bottom line is this. *Coffman* has been legislatively overruled. Whether an employer is a successor in interest of a prior employer depends on the factors now listed in the statute. The record would support a finding that, under those factors, Cardinal was a successor in interest of the management company that employed Mr. Brown before he was called to active duty. Cardinal does not assert, as a basis for summary judgment, that Mr. Brown has not met those factors.

III

Cardinal asserts it is entitled to summary judgment on Mr. Brown's claim under the Florida Uniformed Servicemembers Protection Act ("FUSPA") because Cardinal did not violate USERRA—the same assertion rejected in section II above. As its only other basis for summary judgment on the FUSPA claim, Cardinal asserts FUSPA does not apply to private employers.

Nothing in FUSPA suggests it is limited to public employers. To the contrary, FUSPA makes a "person" liable for "a civil penalty of not more than $1,000" for each violation of FUSPA "or any provision of federal law affording protections" to members of the military. Fla. Stat. § 250.905. Florida law defines "person" to include private entities. *Id*. § 1.01(3). Cardinal thus is a "person." USERRA is a "provision of federal law affording protections" to members of the military. Under the plain language of § 250.905, Cardinal may be held liable for a "civil penalty" if, as Mr. Brown alleges, Cardinal violated USERRA.

In support of its assertion that FUSPA does not apply to private employers, Cardinal cites dictum in a district court decision that predated the enactment of § 250.905 and in which the issue was not contested. *See Fannin v. United Space Alliance, LLC*, No. 6:07cv1315, 2009 WL 139878, at *1 n.1 (M.D. Fla. Jan. 20, 2009). FUSPA applies to private as well as public employers.

This does not mean, however, that FUSPA creates a private right of action. The statute does not indicate who may bring an action for and recover any "civil penalty." The summary-judgment motion does not raise that issue.

IV

For these reasons,

IT IS ORDERED:

Cardinal's summary-judgment motion, ECF No. 31, is denied.

SO ORDERED on December 27, 2018.

                                      s/Robert L. Hinkle
                                      United States District Judge